## In re PRINCETON INDUSTRIES, INC., Debtor.

## Bruce D. SCHERLING, as Trustee in Bankruptcy of Princeton Industries, Inc., Plaintiff,

### v.

## ALBEMARLE SPINNING MILLS, et al., Defendants.

### Bankruptcy No. 80 B 11850 (EJR). Adv. No. 83–5722A.

United States Bankruptcy Court, S.D. New York.

April 10, 1984.

---

Jasper & Jasper, New York City, for plaintiff.

Ira A. Levy, Newark, N.J., for defendants.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On November 5, 1980, Princeton Industries, Inc. (Princeton) filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. On July 14, 1981, this case was converted to a Chapter 7 proceeding pursuant to a motion brought by the Official Committee of Unsecured Creditors. By order of this court on July 14, 1981, Bruce D. Scherling was appointed the trustee of the debtor's estate.

The trustee commenced an adversary proceeding against Albemarle Spinning Mills, et al. The trustee seeks to avoid a preferential transfer allegedly made by the debtor to Albemarle. 11 U.S.C. § 547(a). Pursuant to Bankruptcy Rule 7056, one of the defendants, Spola Fibres International (Spola) brought on a motion for summary judgment on the grounds that there was no material issue of fact and that the moving party was entitled to judgment as a matter of law. This matter was heard on December 5, 1983.

Sometime after August 25, 1980, Spola received as partial payment from Princeton a check for $8,131.57 for goods that the defendant claims were shipped to Princeton. It is uncontroverted that on June 1 and June 2, 1980 certain goods in the respective amounts of $2,938.20 and $13,-324.94 were received by the debtor and that payment was made by Princeton for $8,131.57. It is also uncontroverted that thereafter a second check for $8,131.57 was issued by Princeton to Spola but was returned for insufficient funds after being deposited by Spola. The defendant claims that before the return of the second check, it made additional shipments of certain goods to Princeton on September 2, 1980 and September 16, 1980 for $11,720.72 and $136.51, respectively.

The trustee contends that the first payment of $8,131.57 constitutes a preferential transfer. The defendant claims that the last two shipments constitute new value on an unsecured basis under § 547(b) and, as such, the preferential transfer is not voidable.

Summary judgment is appropriate only when there is no genuine "issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The party seeking summary judgment has the burden of demonstrating the absence of any material factual issue in dispute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2 Cir.1980). The court in determining whether to grant a summary judgment motion must resolve all doubts in favor of the party opposing the motion. *Quinn*, 613 F.2d at 445, citing *Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). In a motion for summary judgment, the court

cannot try issues of fact. It can only determine whether there are issues of fact to be tried. *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir.1975).

 The trustee maintains that there is nothing in the debtor's files in possession of the trustee which indicates that the September 2 and 16 shipments were actually received. Conversely, the defendant claims that its invoices indicate that such shipments were made. Without more, it is clear from these contentions that there is a material issue of fact and that an evidentiary hearing is required.

Accordingly, the motion for summary judgment is denied.

It is so ordered.